IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DEALER COMPUTER SERVICES, INC., § § Plaintiff, § § v. § § DAVE SINCLAIR LINCOLN-MERCURY § SAINT PETERS, INC., § § Defendant. § | CIVIL ACTION NO. H-13-2006 |

MEMORANDUM AND ORDER

Pending are Plaintiff Dealer Computer Services, Inc.'s Motion to Confirm Arbitration Award (Document No. 1) and Defendant Dave Sinclair Lincoln-Mercury Saint Peters Inc.'s Motion to Vacate Arbitration Award (Document No. 7). After carefully considering the motions, responses, the arbitration award, and the applicable law, the Court concludes as follows.

I. Background

In 1994, Plaintiff Dealer Computer Services, Inc. ("Plaintiff") entered into a contract with Dick Jones Lincoln-Mercury, Inc. ("Dick Jones") under which Plaintiff would provide hardware, software, and support services to manage the dealership's operations.[1] Defendant Dave Sinclair Lincoln-Mercury Saint Peters,

---

[1] Document No. 1-6 at 2-4.

Inc. ("Defendant") assumed Dick Jones's obligations under the contract in 2003, when Defendant purchased the assets of Dick Jones's assignee, Mid Rivers Lincoln Mercury, Inc. Defendant stopped making payments under the contract in September 2009.[2] Shortly thereafter, Plaintiff filed a demand for arbitration.[3] A panel of three arbitrators heard the case in Houston, and issued an award for Plaintiff of $860,257.62, plus specified interest, on June 28, 2013 ("the 2013 Arbitration").[4]

Plaintiff now seeks judicial confirmation of that award. Defendant moves to vacate the award on the basis of evident partiality, due to the fact that the Panel Chairman, Walter G. Pettey, III, ruled in favor of Plaintiff in an arbitration between Plaintiff and Bay Area Ford in 2006 ("the 2006 Arbitration").[5] Defendant alleges that the main issue in both the 2006 and 2013 Arbitrations was the measure of Plaintiff's damages, that the contracts involved were identical, and that Plaintiff used the same methodology for calculating damages and the same expert witness, Sheri Robinson, in both arbitrations.[6] Defendant alleges that

---

[2] Id.

[3] Id.

[4] Document No. 1 ¶ 11. The award includes $631,526.51 in damages, $157,651.90 in attorneys' fees and expenses of collection, and $71,079.21 in administrative fees and expenses. Id. ¶ 1.

[5] Document No. 7 ¶¶ 1, 10; id., ex. I.

[6] Document No. 7 ¶ 10.

Pettey disclosed that he had served as arbitrator for the 2006 Arbitration, but did not disclose the details of that arbitration.[7] Defendant objected several times to having Pettey as an arbitrator, first, as early as March 30, 2010, only five days after Pettey was appointed as chairman of the panel, but the American Arbitration Association ("AAA") repeatedly reaffirmed his appointment before the arbitral hearing was convened in April, 2013.[8]

## II. Discussion

"To assure that arbitration serves as an efficient and cost-effective alternative to litigation, and to hold parties to their agreements to arbitrate, the [Federal Arbitration Act (FAA)] narrowly restricts judicial review of arbitrators' awards." Positive Software Solutions, Inc. v. New Century Mort. Corp., 476 F.3d 278, 280 (5th Cir. 2007) (en banc). However, the FAA authorizes courts to vacate arbitration awards "where there was evident partiality or corruption in the arbitrators, or either of them." 9 U.S.C. § 10(a)(2). A party can establish evident partiality by demonstrating that the arbitrator failed to disclose relevant facts or that he displayed actual bias during the arbitration. Weber v. Merrill Lynch Pierce Fenner & Smith, Inc., 455 F. Supp. 2d 545, 549 (N.D. Tex. 2006) (Fitzwater, J.). The

---

[7] Id. ¶ 14.

[8] Id. ¶¶ 15-20.

party seeking to demonstrate evident partiality must meet a "very high threshold." See Ameser v. Nordstrom, Inc., 442 Fed. Appx. 967, 970 (5th Cir. 2011).

Defendant contends that Pettey acted with evident partiality when he failed "to disclose that he had prejudged the same legal and factual issues in a prior arbitration" between Plaintiff and another dealership.[9] Pettey submitted the following disclosure on March 22, 2010:

> In September 2005, I was appointed as the arbitrator in a matter between Dealer Computer Services, Inc. and Bay Area Ford. Dealer Computer Services, Inc. was represented by John C. Allen, John C. Allen PC, Houston, Texas. Bay Area Ford was represented by James D. Blume, Jennifer S. Stoddard and Joshua H. Northam of Blume, Stoddard & Moore, Dallas, Texas and Donald W. Gould, II, and Mark A. Counts of Johnson Deluca Kennedy & Kurisky, Houston, Texas. I issued an award in the case in November or December, 2006.[10]

Defendant objects to Pettey's not having disclosed that he rendered the award in favor of Plaintiff in the 2006 Arbitration, that Plaintiff was represented by the same counsel, that Plaintiff used the same expert witness, or that Pettey had adopted Plaintiff's damages model over the same arguments.[11]

---

[9] Id. ¶ 4

[10] Id., ex. L at 3 of 7.

[11] Document No. 7 ¶ 14.

4

These alleged non-disclosures do not constitute evident partiality. "[A]rbitrating parties have a reasonable duty to investigate information of potential partiality." Dealer Computer Servs., Inc. v. Michael Motor Co., Inc., 485 Fed. Appx. 724, 728 n.4 (5th Cir. 2012) (per curiam). Accordingly, arbitrators are not required to disclose all of the details of their prior arbitrations. See id. at 728 (arbitrator's disclosure that she had "served on panel [sic] of three arbitrators that considered a dispute between Dealer Computer Services, Inc. and another party" was sufficient to provide defendant with notice of potential bias) ("[sic]" included in quoted language).

Defendant here had actual notice of the details of the 2006 Arbitration, as evidenced by its repeated objections to Pettey's appointment on the grounds that his involvement in the 2006 Arbitration rendered him biased.[12] Defendant explicitly complained that the same counsel, contract, factual circumstances, damages model, and expert were to be used in the instant arbitration.[13] Defendant cannot now establish evident partiality based on the arbitrator's non-disclosure of these details that were known to Defendant. See Ameser, 442 Fed. Appx. at 970 (arbitrator's non-disclosure of a prior arbitration involving defendant was not

---

[12] Document No. 7 ¶¶ 15-20.

[13] Id., ex. U.

grounds for vacating the judgment where plaintiff received actual disclosure of the prior arbitration before the hearing); Weber, 455 F. Supp. 2d at 550 (plaintiffs could not establish evident partiality based on non-disclosure where they were aware of the relevant facts before the hearing and moved to disqualify the arbitrator on those grounds).

Because Defendant cannot prevail on non-disclosure, it is limited to arguing that Pettey acted with actual bias. Defendant contends that Pettey acted with evident partiality "by prejudging the central issue of damages" in Plaintiff's favor, in violation of the AAA's Code of Ethics for Arbitrators in Commercial Disputes,[14] and that the AAA failed to abide by the parties' contract, which required selection of arbitrators from a panel "without demonstrable bias for or against either party."[15]  However, alleged violations of AAA rules or the parties' agreement do not permit vacatur.  The Supreme Court has held that Section 10, which provides grounds for vacating an award, and Section 11, which provides grounds for modifying or correcting one, provide the exclusive grounds for vacatur or modification of an arbitration award under the FAA. Hall Street Assocs., L.L.C. v. Mattel, Inc., 128 S.Ct. 1396, 1406 (2008) (rejecting as unenforceable the parties' agreement for judicial review of an arbitral award); see

---

[14] Document No. 7 ¶¶ 26, 30.

[15] Id. ¶ 36 (citing to Document No. 1-2 at DCS0015).

*also* Positive Software Solutions, 476 F.3d at 285 n.5 ("Whether [the arbitrator's] nondisclosure ran afoul of the AAA rules, however, is not before us and plays no role in applying the federal standard embodied in the FAA.")

Moreover, Defendant produces no evidence that Pettey acted with actual bias during the arbitration proceeding. The mere fact that Plaintiff presented the same expert witness and a similar damages model here as in 2006, or that the panel's decision may have employed an analysis similar to Pettey's analysis in the 2006 Arbitration, is wholly insufficient to establish that Pettey was partial to Plaintiff.[16] *See* Federal Vending, Inc. v. Steak & Ale of Fla., Inc., 71 F. Supp. 2d 1245, 1250 (S.D. Fla. 1999) ("That he might likely decide the same issue the same way in a later arbitration does not mean that he has a bias for or against either party, or that he is motivated for an improper reason to decide the issue or the case one way or the other.")(declining to vacate arbitration award where arbitrator failed to disclose that he had presided over a prior arbitration involving plaintiff and concerning the same liquidated damages provision); *see also* Ameser, 442 Fed. Appx. at 970 ("[P]rior arbitration by Nordstrom in front of Harmon does not meet the high threshold set by *Positive Software* for evident partiality . . . ."). Accordingly, because Defendant

---

[16] Defendant does not exhibit transcripts of either the 2006 or 2013 Arbitrations and essentially argues for actual bias based only on the expert reports and arbitral awards.

has failed to demonstrate that Pettey acted with evident partiality, its Motion to Vacate the arbitration award under 9 U.S.C. § 10 is without merit, and the award is confirmed.[17]

### III. Order

For the foregoing reasons, it is

ORDERED that Plaintiff Dealer Computer Services, Inc.'s Motion to Confirm Arbitration Award (Document No. 1) is GRANTED, Defendant Dave Sinclair Lincoln-Mercury Saint Peters Inc.'s Motion to Vacate Arbitration Award (Document No. 7) is DENIED, and it is therefore

ORDERED that the Final Award in American Arbitration Association Case No. 70 117 Y 00912 09, <u>Dealer Computer Services, Inc. f/k/a Ford Dealer Computer Services, Inc. v. Dave Sinclair</u>

---

[17] Plaintiff, relying on language in the contract providing for reimbursement of Plaintiff for "any and all expenses [Plaintiff] may incur, including reasonable attorneys' fees, in collection of amounts due under this Agreement," asks for attorneys' fees incurred in this judicial proceeding to confirm the arbitration award. Document No. 1 ¶ 16 (citing Document No. 1-2 at DCS 0014 § 12). The language of the contract "does not clearly and specifically provide for recovery of attorney's fees incurred in confirmation proceedings." <u>Witte Ford, Inc. v. Dealer Computer Servs.</u>, Civ. Case No. H-08-3755, 2009 WL 416351, at *4 (S.D. Tex. Feb. 19, 2009) (Atlas, J.) (denying attorney's fees under contract with identical language). Plaintiff has offered no evidence or briefing to support its claim for attorney's fees incurred in this confirmation proceeding, nor has it attempted to distinguish the holding in <u>Witte Ford</u>. Plaintiff's motion for an award of such fees is DENIED.

<u>Mercury St. Peters, Inc.</u> is in all things CONFIRMED and ADOPTED as the Judgment of this Court.

The Clerk will enter this Order, providing a correct copy to all counsel of record.

SIGNED in Houston, Texas, on this 1ST day of November, 2013.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE